PARKER, Acting Chief Judge.
Daniel Patrick Wood appeals his judgments and sentences for burglary of an unoccupied dwelling and auto theft in Circuit Court Case No. 98-22320 and for robbery with a weapon (two counts) and felon in possession of a firearm in Circuit Court Case No. 98-21834. Wood’s attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Based upon the recent decision by the Florida Supreme Court in State v. Huggins, 26 Fla. L. Weekly S174, — So.2d -, 2001 WL 278107 (Fla. Mar. 22, 2001), we reverse and remand for resen-tencing on the charge of burglary of an unoccupied dwelling. Otherwise, we affirm the judgments and sentences.
On the charge of burglary of an unoccupied dwelling, the trial court imposed a prison sentence of fifteen years as a prison releasee reoffender pursuant to section 775.082(9)(a)1.q., Florida Statutes (Supp. 1998).[1] In doing so, the trial court was following the holding of this court in State v. White, 736 So.2d 1231 (Fla. 2d DCA 1999). In Wood’s brief, his attorney did note that the application of section 775.082(9)(a)l.q. to this crime was in conflict with decisions of the Fourth District Court of Appeal.
Since the trial court rendered the judgment and sentence, the Florida Supreme Court decided Huggins, which held that section 775.082(9)(a)l.q. does not apply to a defendant who is convicted of burglary of an unoccupied dwelling. 26 Fla. L. Weekly at S175, — So.2d at -. Because Wood was sentenced as a prison releasee reoffender under section 775.082(9)(a)l.q. for the charge of burglary of an unoccu *105 pied dwelling, we reverse and remand for resentencing in Case No. 98-22320.
CASANUEVA and DAVIS, JJ., Concur.

. That section includes in its definition as a prison releasee reoffender “a defendant who commits, or attempts to commit ... [b]urgla-ry of an occupied structure or dwelling.” § 775.082(9)(a)1.q., Fla. Stat. (Supp. 1998).